UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| WILLIAM JONES, | : | Case No. 6:15-cv-01637-RBD-DAB |
| Plaintiff, | : | (Judge Roy B. Dalton, Jr.) |
| vs. | : | **MOTION OF THE SOURCE FOR PUBLIC DATA, L.P., SHADOWSOFT, INC., HARLINGTON-STRAKER STUDIO, INC. and DALE BRUCE STRINGFELLOW, TO DISMISS FOR LACK OF STANDING** |
| WAFFLE HOUSE, INC., WH CAPITAL, LLC, THE SOURCE FOR PUBLIC DATA, L.P., SHADOWSOFT, INC., HARLINGTON-STRAKER-STUDIO, INC., and DALE BRUCE STRINGFELLOW, | : | |
| Defendants. | : | |

Defendants, The Source for Public Data, L.P. ("Public Data"), Shadowsoft, Inc., Harlington-Straker Studio, Inc., and Dale Bruce Stringfellow (collectively, the "Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), hereby move to dismiss Plaintiff's claims for lack of standing.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." "First and foremost, there must be alleged . . . an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* Thus, a plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his complaint. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Here, Plaintiff lacks standing to pursue his claims against the Defendants under the Fair Credit Reporting Act. There is no evidence that Waffle House, Inc. ran a search query against the database maintained by Public Data. Plaintiff provided no documents in connection with the

Complaint showing that such a search ever occurred. Waffle House, Inc. has none. Moreover, the evidence set forth by the Defendants herein confirms that there was no such search.

Due to the lack of any search, Plaintiff cannot prove the existence of an "injury in fact," causation, or redressibility; all of which are required before he has standing under Article III of the Constitution. This Court must, therefore, grant Defendants' motion to dismiss for lack of standing and dismiss Plaintiff's claims against the Defendants with prejudice.

Respectfully submitted,

/s/ Thomas H. Loffredo
Thomas H. Loffredo, Esq.
Florida Bar No. 870323
tom.loffredo@gray-robinson.com
GRAYROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112

Ronald I. Raether, Jr.
(*pro hac vice* pending)
ron.raether@troutmansanders.com
TROUTMAN SANDERS, LLP
5 Park Plaza. Suite 1400
Irvine, California 92614
Telephone: 949-622-2722
Facsimile: 949.622.2739

Timothy J. St. George
(*pro hac vice* pending)
tim.stgeorge@troutmansanders.com
1001 Haxall Point
Richmond, VA 23219
TROUTMAN SANDERS, LLP
Telephone: 804-697-1254
Facsimile: 804-698-6013

*Attorneys for Defendants The Source for Public Data, L.P., Shadowsoft, Inc., Harlington-Straker Studio, Inc., and Dale Bruce Stringfellow*

## MEMORANDUM IN SUPPORT OF MOTION OF THE SOURCE FOR PUBLIC DATA, L.P., SHADOWSOFT, INC., HARLINGTON-STRAKER STUDIO, INC. and DALE BRUCE STRINGFELLOW, TO DISMISS FOR LACK OF STANDING

Pursuant to Fed. R. Civ. P. 12(b)(1), this Court must dismiss William Gerard Jones's claims that The Source for Public Data, L.P. ("Public Data"), Shadowsoft, Inc., Harlington-Straker Studio, Inc., and Dale Bruce Stringfellow (collectively, the "Defendants") violated the Fair Credit Reporting Act ("FCRA"), as Plaintiff lacks standing to pursue such claims.

### INTRODUCTION

Absent the furnishing of a "consumer report" by Public Data there can be no claim under the FCRA and so no Plaintiff lacks Article III standing under the Constitution. Public Data never returned public records to Waffle House, Inc. ("Waffle House") in connection with Plaintiff's December 2014 job application. Upon learning of this action, Public Data conducted an extensive and complete search of its records and determined that it never returned records to Waffle House in December 2014 (or at any point in the following year) in response to a search query that could be possibly associated with Plaintiff's application.[1] Nor has Plaintiff any documents or other detail demonstrating that Waffle House sought data from Public Data in connection with his job application. None exist. As a result, Plaintiff has not suffered an "injury in fact" and cannot show causation or redressibility; all of which are required to have Article III

---

[1] As discussed further in Defendants' contemporaneously-filed Motion to Stay Discovery, this Court should reject any attempt by Plaintiff to use this Court as a vehicle to obtain discovery in hopes of finding some support for an unknown FCRA claim. *See, e.g.*, *Linkmeyer v. M.S.D. Lawrence Township School Corporation*, 2013 U.S. Dist. LEXIS 179022, at *18 (S.D. Ind. Dec. 20, 2013) (because the motion to dismiss standard "contemplates that a plaintiff has not conducted discovery," a court should not stay a motion to dismiss to allow a plaintiff to further develop his claims through discovery, and "Linkmeyer's argument that dismissal of Count I is premature until some discovery has been allowed is . . . unavailing"); *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 9236, at *5 (D. Minn. Feb. 5, 2009) ("A plaintiff must adequately plead a claim before obtaining discovery, not the other way around. Simply stated, discovery is not to be used 'to find a cause of action.'") (quoting *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 U.S. Dist. LEXIS 56725, at *5 (D.N.J. July 23, 2008)); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 670-71 (E.D. La. 2003) ("Plaintiffs suggest the Court allow discovery to remedy their evidentiary shortfall [regarding standing]. However, this Court is reluctant to embark upon a litigious fishing expedition.").

standing under the Constitution. Defendants' motion to dismiss must be granted, and this matter must be dismissed as to the moving Defendants with prejudice.

## ARGUMENT

### I.     The legal requirements for Article III standing.

The jurisdiction of federal courts is defined and limited by Article III of the Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (standing is jurisdictional, and dismissal for lack of standing has same effect as dismissal for lack of subject matter jurisdiction). "The United States Supreme Court insists on strict compliance with the jurisdictional standing requirement." *Klayman v. Obama*, 2015 U.S. Dist. LEXIS 120540, at *7 (S.D. Fla. Sept. 10, 2015).

To show standing, a plaintiff must establish three things: "First [he must have] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61. "These requirements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Further, in the context of a putative class action such as this case, "it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop the War*, 94 S. Ct. 2925, 2930 (1974). The

named plaintiff must show that he is within the class of persons who have been injured. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (quotation omitted). "[A] claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987).

>     II.     **The Court must consider the lack of any evidence proffered by Plaintiff and the affirmative proof set forth by Defendants on this jurisdictional issue.**

Motions that are made pursuant to Rule 12(b)(1) concern a district court's subject matter jurisdiction to consider the case. Motions to dismiss under Rule 12(b)(1) can come in two forms: "facial attacks" and "factual attacks." *Carmichael v. Kellogg, Brown & Root Serv.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial attacks only require a court to determine if a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* On the other hand, factual attacks challenge the existence of subject matter jurisdiction, irrespective of what the complaint alleges. *Id.*; *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

In a factual attack, a court may consider information outside of the pleadings—including testimony, affidavits, and other evidence—and it "may make factual findings necessary to resolve the motion." *Hawthorne v. Baptist Hosp., Inc.*, 2008 U.S. Dist. LEXIS 124732, at *2 (N.D. Fla. Nov. 24, 2008). This is a factual attack on the Court's subject matter jurisdiction that requires evidentiary resolution before the case can proceed any further.

>     III.    **Plaintiff's claims must be dismissed due to the Court's lack of subject matter jurisdiction.**

The "injury in fact" required for standing is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003). "The party invoking federal court authority must show that . . . he or she personally suffered some

actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Wilson v. State Bar of Georgia*, 132 F.3d 1422, 1427 (11th Cir. 1998); *see also Rest. Hospitality Ass'n of Ind. v. Am. United Life Ins. Co.*, 2005 U.S. Dist. LEXIS 23823, at *8 (N.D. Ind. Oct. 14, 2005) (dismissing claim, and holding that if a plaintiff lacks a basis to state a claim under a federal statute, then the court lacks jurisdiction under 28 U.S.C. § 1331 and the plaintiff lacks standing).

In the Complaint, Plaintiff alleges that Public Data was involved in the challenged events in the following way:

> In December 2014, Plaintiff applied for employment at Waffle House. As part of its hiring process, Waffle House conducted a background check regarding Plaintiff, which included obtaining a consumer report on Plaintiff. Waffle House obtained a consumer report regarding Plaintiff from PublicData in December 2014. Upon information and belief, the report contained information about Plaintiff regarding, among other things, purported criminal convictions.
>
> ***
>
> Upon information and belief, based on the contents of the consumer report that PublicData supplied, Waffle House refused to hire Plaintiff.

(Compl., ¶¶ 45, 47.) Aside from Public Data, the other moving Defendants have been brought into this lawsuit based on conclusory and flawed "veil piercing" allegations in disregard of corporate formalities and the separate incorporation of Public Data. *Id.* at ¶ 36. As Defendants will prove at the appropriate time (if necessary), Public Data does not issue "consumer reports," nor is it a "consumer reporting agency." Rather, Public Data merely provides access through "Google-type" searches of public record information from governmental agencies across the United States. *See* Declaration of Dale Bruce Stringfellow ¶ 5, attached as **Exhibit 1**. Plaintiffs' FCRA claims also lack merit for a host of other reasons specific to the provisions invoked.

However, those merits issues are not yet before the Court, as an even more fundamental defect exists with respect to Plaintiff's claims. Based on its alleged return of a "report" to Waffle House in December 2014, Plaintiff alleges that Defendants violated the FCRA (*i.e.*, § 1681k(a),

§ 1681e; § 1681b) in various ways. (*See* Compl., ¶¶ 37-44.) Each of those claims requires the issuance of a consumer report. *See, e.g., Speers v. Pre-Employ.com, Inc.*, 2014 U.S. Dist. LEXIS 82386, at *19 (D. Or. May 13, 2014) (a claim under § 1681k(a) requires showing, among other things, that "the report was either incomplete or not up-to-date"); *Moreland v. CoreLogic SafeRent LLC*, 2013 U.S. Dist. LEXIS 157302, at *14 (C.D. Cal. Oct. 25, 2013) (claims under § 1681e or § 1681b(f) require "a report [that] was used for an impermissible purpose"); *Alley v. First Am. Credco, Inc.*, 2007 U.S. Dist. LEXIS 4659 (N.D. Ill. Jan. 19, 2007) (claims under § 1681e(b) require a "consumer report [that] contains inaccurate information").[2]  Yet, the "report" that forms the basis for all of those claims does not exist.

Plaintiff evidently does not possess any evidence demonstrating that Waffle House searched the public record database maintained by Public Data in connection with his job application. No exhibits showing such a search are attached to the Complaint, and Plaintiff's pleading in that regard is largely made "upon information and belief." (Compl., ¶¶ 45, 47.)

The same lack of any documentation or other evidence is also true for Waffle House. As set forth in the declaration of Andrea Davidson, attached as **Exhibit 2**, Waffle House has no record reflecting that any search was conducted through Public Data's database in connection with Plaintiff's job application. *Id.* at ¶¶ 7-15. Waffle House also has no record of any search results obtained from Public Data's database in connection with his job application. *Id.* at ¶ 11.

---

[2] Plaintiff also asserts a claim under 15 U.S.C. § 1681j(a)(1)(C), which addresses the contact information that must be publicly posted by "nationwide specialty consumer reporting agencies" to facilitate "file disclosure requests." Nationwide specialty consumer reporting agencies are defined to mean "a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to: (1) medical records or payments; (2) residential or tenant history; (3) check writing history; (4) employment history; or (5) insurance claims." 15 U.S.C § 1681a(x). The criminal record search challenged here does not mean any of those criteria. In any event, Plaintiff also never alleges that he made any attempt to contact Public Data to request a file disclosure or that Public Data even has a "file" relating to him. As Public Data does not retain information about any specific consumer, it does not have a "file," as that term is defined by the FCRA. 15 U.S.C. § 1681(a)(g); *see also Fiscella v. Intelius, Inc.*, 2010 U.S. Dist. LEXIS 57918, at *10 (E.D. Va. June 10, 2010) (dismissing "file disclosure" claim in the context of a defendant who maintained a database of searchable public records). Again, he lacks standing.

Defendants do not, however, make this motion simply based on the lack of proof or detail by Plaintiff or Waffle House with respect to the alleged involvement of Public Data.  Public Data's own substantial, internal diligence confirms its lack of involvement in this case.

Upon being served with the Complaint, and after reviewing documentation produced by Waffle House showing that Plaintiff's job application was processed on December 8, 2015, Public Data inspected the business records that it retains, which reflect the nature of all searches of its systems.  First, Public Data identified all search queries submitted by the Waffle House account between December 1 and December 15, 2014 to determine whether any search had been conducted on "William Jones" or "Gerard Jones," regardless of the middle name or middle initial (if any) input by the user.  Ex. 1 at ¶ 9.

Public Data then expanded its search to include all searches conducted with the Waffle House account or the IP address associated with Waffle House's computer network.  Using those parameters, Public Data reviewed *all* records of searches conducted between December 2014 and October 2015 for any search using a variation of the name William Jones, without regard to the middle name or middle initial input by the user.  *Id.* at ¶¶ 10-11.

In connection with these extensive efforts, Public Data was unable to locate *any* matches that could reasonably relate to the events described in the Complaint.  Public Data has no record of Waffle House ever having done a search on a William Gerard Jones, William Jones, or any plausible variation of that name.  *Id.* at ¶ 12.  Simply put, no such search ever occurred.

Due to the lack of any search query by Waffle House, Public Data has no place in this lawsuit, as its business practices did not "injure" or otherwise affect Plaintiff in any way.  "It is not the role of the court to speculate concerning the existence of standing nor to piece together support for the plaintiff."  *Hernandez v. Medows*, 209 F.R.D. 665, 668 (S.D. Fla. 2002) (internal

quotation omitted). Hence, Plaintiff lacks standing to pursue his FCRA claims, and the claims against the moving Defendants must be dismissed with prejudice. *See, e.g.*, *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 981 F. Supp. 2d 1239, 1256 (S.D. Fla. 2013) (dismissing claim for lack of standing where a "plaintiff d[id] not see, know about, or otherwise become aware of an unsolicited fax advertisement"); *Deuel v. Santander Consumer USA, Inc.*, 700 F. Supp. 2d 1306, 1310 (S.D. Fla. 2010) (the plaintiff, who was not the debtor, lacked standing under the FDCPA); *Ehreth v. Capital One Servs.*, 2008 U.S. Dist. LEXIS 64404, at *6-7 (W.D. Wash. Aug. 19, 2008) ("At the time plaintiff commenced this action, he had not yet suffered an injury cognizable under the FCRA. Accordingly, any amendment to remedy the deficient pleading of that claim would be futile. Plaintiff's FCRA claim is dismissed with prejudice."); *Russell*, 302 F. Supp. 2d at 670-71 (dismissing the case for lack of standing: "Except for the re-disclosure of DMV information to their attorney, plaintiffs have presented no evidence that their personal information was either used or resold by defendant in violation of the DPPA."); *see also Ass'n of Am. Physicians & Surgs., Inc. v. United States HHS*, 224 F. Supp. 1115, 1123 (S.D. Tex. 2002) ("[P]laintiffs have not yet suffered any concrete injury from enforcement of the Privacy Rule," as "Plaintiffs have not yet alleged that the government has access their medical records.").

## CONCLUSION

Since Plaintiff cannot prove standing under Article III of the Constitution, the Court must dismiss his claims against Defendants under the FCRA for lack of subject matter jurisdiction.

Respectfully submitted,


/s/ Thomas H. Loffredo
Thomas H. Loffredo, Esq.
Florida Bar No. 870323
tom.loffredo@gray-robinson.com
GRAYROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112

Ronald I. Raether, Jr.
(*pro hac vice* pending)
ron.raether@troutmansanders.com
TROUTMAN SANDERS, LLP
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: 949-622-2722
Facsimile: 949.622.2739

Timothy J. St. George
(*pro hac vice* pending)
tim.stgeorge@troutmansanders.com
1001 Haxall Point
Richmond, VA 23219
TROUTMAN SANDERS, LLP
Telephone: 804-697-1254
Facsimile: 804-698-6013

*Attorneys for Defendants The Source for Public Data, L.P., Shadowsoft, Inc., Harlington-Straker Studio, Inc., and Dale Bruce Stringfellow*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of December, 2015, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Thomas H. Loffredo