## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| WILLIAM JONES, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>WAFFLE HOUSE, INC., a Georgia corporation, WH CAPITAL, LLC, a Georgia limited liability company, THE SOURCE FOR PUBLIC DATA, L.P. dba PUBLICDATA.COM, a foreign limited partnership, SHADOWSOFT, INC., a foreign corporation, HARLINGTON-STRAKER-STUDIO, INC., a Texas corporation, and DALE BRUCE STRINGFELLOW, an individual,<br><br>    Defendants. | Case No.: 6:15-cv-01637-RBD-DAB<br><br>(Judge Roy B. Dalton, Jr.)<br><br>**DECLARATION OF WILLIAM G. JONES RE MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY PROCEEDING, AND TO COMPEL ARBITRATION** |

## DECLARATION OF WILLIAM G. JONES

I, William G. Jones, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that:

1. The facts set forth herein are based on my personal knowledge, and if I were called upon to testify to them, I could and would competently do so.

2. In or around December 2014 I applied to work as a server at a Waffle House restaurant in Ormond Beach, Florida. Waffle House ran a background check on me, and I did not get the job.

3. My attorneys filed this class action in October 2015 relating to Waffle House's background check policies and procedures. My claims in this lawsuit arise from Waffle House's denial of my application for employment.

1

4. Through my attorneys I have actively litigated this case in federal district court since October 2015.

5. After Waffle House refused to hire me I was unable to find other steady work notwithstanding my efforts.

6. In February 2016, after filing this action, I applied to work at a different Waffle House restaurant in Kansas City, Missouri that was operated by Ozark Waffles, LLC ("Ozark").

7. After I was hired by Ozark, and as part of the training process, Ozark gave me a stack of documents, many of which required my signature. The supervisor went through these documents very quickly, telling me what to fill out and what to sign. She did not give me a chance to carefully read through the documents, ask questions, or take the documents home. I had no chance to consult with an attorney about them, and she did not give me a copy of them to take with me. The supervisor did not explain these documents to me, and in fact she skipped over a lot of information. It was my understanding that I had to sign these documents, and sign them on the spot, in order to remain employed.

8. I have no specific recollection of signing an arbitration agreement at this or at any other time during my employment with Ozark. I certainly had no idea that the documents I was signing would or could affect my lawsuit against Waffle House. Since I retained my current attorneys it has been my understanding that all communications regarding this lawsuit would be through them. In signing the documents with Ozark, I did not intend to consent to arbitrate my claims in this lawsuit. Nothing I saw in any of those documents led me to believe that I would have to arbitrate my pending claims in this lawsuit or that I was relinquishing my right to prosecute this lawsuit as a class action in federal district court.

4
04/15/2016

Doc ID: bd8ac8021416b5389a05fb92183084966a64f9ab

9. I worked at Ozark for about a month from February to March 2016, when I quit because Ozark failed to pay me for approximately 17 hours of work.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2016.

_____
William G. Jones

Doc ID: bd8ac8021416b5389a05fb92183084966a64f9ab