**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM JONES,

      Plaintiff,

v.                                       Case No. 6:15-cv-1637-Orl-37DAB

WAFFLE HOUSE, INC.; WH CAPITAL, LLC; THE SOURCE FOR PUBLIC DATA, L.P.; SHADOWSOFT, INC.; HARLINGTON-STRAKER-STUDIO, INC.; and DALE BRUCE STRINGFELLOW,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Waffle House, Inc. and WH Capital, LLC's Motion to Dismiss or in the Alternative to Stay Proceeding, and to Compel Arbitration (Doc. 81), filed April 1, 2016.

2. Plaintiff's Opposition to the Motion of Waffle House, Inc. and WH Capital, LLC to Dismiss or in the Alternative to Stay Proceedings and to Compel Arbitration (Doc. 83), filed April 15, 2016.

Plaintiff initiated the present suit in October 2015, alleging that Defendants' practices in procuring background checks on job applicants were non-compliant with the Fair Credit Reporting Act. (*See* Doc. 1.) Importantly, Plaintiff is a putative class member who was purportedly denied employment at a Waffle House restaurant in December of 2014 due to the results of a background check. (*Id.*) Nevertheless, in February 2016—four months after initiating the present lawsuit—Plaintiff applied and was hired for

employment with another Waffle House location. (Doc. 81-1, p. 1.) As a condition of employment, Plaintiff signed an arbitration agreement whereby he agreed to arbitrate all past, present, and future claims related to his employment ("**Arbitration Agreement**"). (*See* Doc. 81-2, p. 14.) The Arbitration Agreement—which contained a provision delegating all disputes regarding the "interpretation, applicability, enforceability, or formation" of the Agreement to the arbitrator (Doc. 81-2, p. 14)—was also signed by Waffle House's general counsel. (*See id.*; *see also* Doc. 83, p. 14.)

On April 1, 2015, Waffle House, Inc. and WH Capital, LLC (collectively, "**Waffle House**") moved to compel arbitration pursuant to the Arbitration Agreement. (Doc. 81.) Plaintiff opposed. (Doc. 83.) On July 22, 2016, the Court held a hearing to address: (1) Plaintiff's specific challenges to the delegation provision; and (2) Plaintiff's contention that the countersigning of the Arbitration Agreement by Waffle House's general counsel constituted an improper *ex parte* communication with a represented party, thereby implicating the Court's managerial authority to "prevent abuse and enter appropriate orders governing the conduct of counsel and the parties" in collective and class actions, *see Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 922 (11th Cir. 2014) ("**Hearing**"). (*See* Doc. 111, p. 17 (providing scope of the Hearing); *see also* Doc. 119 (same).)

At the Hearing, Waffle House argued that its general counsel pre-signs all arbitration agreements before they are submitted for mass printing. Thus, every new employee receives a pre-printed arbitration agreement that has formerly been cosigned by Waffle House's general counsel. As such, Waffle House avers that its general counsel was unaware that the pre-signed Arbitration Agreement was given to Plaintiff for his signature.

The U.S. Court of Appeals for the Eleventh Circuit has previously condemned unilateral, unsupervised communications with prospective class members in class and collective actions. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202–03 (11th Cir. 1985); *see also Billingsley*, 560 F. App'x 914. These decisions have emphasized the potential for coercion, unfairness, and abuse inherent in such one-sided communications. *See Billinglsey*, 506 F. App'x at 921–22; *Kleiner*, 751 F.2d at 1202–03. Though Waffle House attempts to distinguish *Billinglsey* and *Kleiner* from the instant matter, the probative inquiry is the same—that is, whether Waffle House's conduct prevented Plaintiff from making an informed decision in giving up his right to proceed in the present litigation. *See Billingsley*, 506 F. App'x at 922, 924; *Kleiner,* 751 F.2d at 1203. Upon consideration, the Court finds that it did.

Importantly, under Florida's Rules of Professional Conduct, it would have been inappropriate for Waffle House to seek enforcement of the Arbitration Agreement if its general counsel had countersigned the agreement *after* Plaintiff had signed it. That being so, the order of signatories is immaterial. Notwithstanding the unusual circumstances, the business practice of pre-signing arbitration agreements effectively allows Waffle House to bury its head in the sand as to the cosigner and disclaim any responsibility for *ex parte* communications with adverse litigants. Such ignorance does not change the practical effect on the instant litigation. Plaintiff—an hourly laborer—was simply not afforded the opportunity to make an informed decision to give up his rights and remedies in the pending lawsuit. The entire transaction was highly suspect. Without the aid of counsel, Waffle House's procurement of a binding adhesion contract from a represented party, who was actively engaged in litigation against it, is plainly wrong. Indeed, the whole

process by which the waiver was obtained and then sought to be applied to this proceeding has an unsavory aroma. Consequently, the Court finds that the Arbitration Agreement is unenforceable and that the motion to compel arbitration (Doc. 81) is due to be denied.

Pending the Hearing, the Court temporarily suspended the briefing deadlines as to Plaintiff's motion for class certification (Doc. 111). Such suspension is now lifted. Nevertheless, the Court has serious concerns as to whether Plaintiff would be an adequate representative of the putative class. In light of the various remarks raised at the Hearing with respect to Plaintiff's deposition, the Court will require Plaintiff to submit his deposition transcript, in its entirety, to the Court for consideration.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants Waffle House, Inc. and WH, Capital LLC's Motion to Dismiss, or in the Alternative to Stay Proceeding, and to Compel Arbitration and Incorporated Supporting Memorandum of Law (Doc. 81) is **DENIED**.

2. On or before Thursday, **September 1, 2016**, Defendants shall submit their responses to Plaintiff's Motion for Class Certification (Doc. 108).

3. On or before Monday, **August 8, 2016**, Plaintiff is **DIRECTED** to submit Plaintiff's deposition transcript in its entirety to the Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 26, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record