**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM JONES,
On behalf of himself and others similarly
situated,

       Plaintiff,                      Civil Action No. 6:15-cv-1637-Orl-37-DAB

v.

WAFFLE HOUSE, INC., a Georgia
corporation, WH CAPITAL, LLC, A Georgia
limited liability company, THE SOURCE
FOR PUBLIC DATA, L.P. dba
PUBLICDATA.COM, a foreign limited
partnership, SHADOWSOFT, INC., a foreign
corporation, HARLINGTON-STRAKER-
STUDIO, INC., a Texas corporation, and
DALE BRUCE STRINGFELLOW, an
individal,

       Defendants.
_____/

**ANSWER TO CLASS ACTION COMPLAINT**

Defendants, Waffle House, Inc. and WH Capital, LLC, (collectively, "Waffle

House"), by counsel, submit the following for their Answer to the Class Action Complaint

("Complaint") filed by Plaintiff, William Jones ("Jones" or "Plaintiff").[1]

**NATURE OF THE ACTION**

1.     Plaintiff's allegations in Paragraph 1 of the Complaint regarding "consumer

reports" and "consumer reporting agency" call for legal conclusions to which no response is

---

[1] The Court's Order on Waffle House's Motion to Dismiss indicated that Waffle House is "not required to file a responsive pleading at this time" in light of Waffle House's Motion to Compel.  (Doc. 111). Although a new deadline has not been set by the Court, Waffle House is filing this Answer out of an abundance of caution now that the Court has ruled on Waffle House's Motion to Compel.

required.  To the extent the allegations are contrary to law, they are denied.  Waffle House denies the remaining allegations in Paragraph 1.

2.      Waffle House denies the allegations in Paragraph 2 of the Complaint.

3.      Waffle House admits that Plaintiff seeks damages, but denies that Waffle House has committed any violations of the FCRA whatsoever.

4.      Waffle House denies the allegations in Paragraph 4 of the Complaint.

5.      The allegations in Paragraph 5 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

6.      Waffle House denies the allegations in Paragraph 6 of the Complaint.

7.      Waffle House denies the allegations of Paragraph 7 of the Complaint.

8.      Waffle House denies the allegations of Paragraph 8 of the Complaint.

9.      Waffle House denies the allegations in Paragraph 9 of the Complaint.

10.     Waffle House admits Plaintiff seeks damages, but Waffle House denies that he is entitled to any damages from Waffle House whatsoever.

## PARTIES

11.     Waffle House admits that Waffle House, Inc. is a Georgia corporation with its principal place of business in Norcross, Georgia and that it engages in commercial transactions in the State of Florida and states outside the state of Florida.

12.     Waffle House admits that WH Capital, LLC was and is a Georgia limited liability corporation with its principal place of business in Georgia.  Waffle House denies that WH Capital, LLC is the parent company of Waffle House, Inc.  Plaintiff's allegations

regarding the citizenship of all individual members of WH Capital, LLC call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.  The remaining allegations in Paragraph 12 are not allegations of fact and, therefore, no response is required.

13.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

18.     The allegations in Paragraph 18 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

19.     The allegations in Paragraph 19 of the Complaint regarding "jurisdiction" call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.  Waffle House admits that this action is brought as a putative class action, but denies the remaining allegations.

20.     The allegations in Paragraph 20 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

## FACTUAL BACKGROUND

### *Facts Regarding Waffle House*

21.     Waffle House admits that Plaintiff applied for a job at a Waffle House subsidiary in December 2014.  Waffle House denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Waffle House denies the allegations in Paragraph 22 of the Complaint.

23.     Waffle House admits that Plaintiff was not hired by Waffle House in December 2014.  Waffle House denies the all remaining allegations of Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint regarding "post-adverse action notice," "consumer reporting agency" and the requirements under section 1681m(a)

call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.  Waffle House further denies that it was required to provide Plaintiff with a notice under § 1681m.

25.     Waffle House denies the allegations of Paragraph 25 of the Complaint.

26.     Waffle House denies the allegations in Paragraph 26 of the Complaint.

### *Facts Regarding PublicData*

27.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same.

28.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same.

30.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the same.

31.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same.

32.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the same.

37.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39.     The allegations in Paragraph 39 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

40.     The allegations in Paragraph 40 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.  By way of further response, Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding PublicData in Paragraph 40 and, therefore, denies the same.

41.     Waffle House denies the allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

43.     The allegations in Paragraph 43 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

44.     The allegations in Paragraph 44 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

### Facts Regarding Plaintiff

45.     Waffle House admits that Plaintiff applied for employment at a Waffle House subsidiary in December 2014.  Waffle House denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Waffle House denies the allegations of Paragraph 46 of the Complaint.

47.     Waffle House denies the allegations of Paragraph 47 of the Complaint.

48.     Plaintiff's allegations in Paragraph 48 of the Complaint regarding a "consumer report," "consumer reporting agency" and "rights to dispute" call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.  Waffle House further denies that it decided not to hire Plaintiff based on a consumer report.

## CLASS ACTION ALLEGATIONS

49.     The allegations in Paragraph 49 of the Complaint are not allegations of fact but, rather, allegations of Plaintiff's purported class definition.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

50.     The allegations in Paragraph 50 of the Complaint are not allegations of fact but, rather, allegations of Plaintiff's purported class definition.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

51.     The allegations in Paragraph 51 of the Complaint are not allegations of fact but, rather, allegations of Plaintiff's purported class definition.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

52.     Waffle House admits that Plaintiff purports to bring this action on behalf of a class.  Waffle House denies the remaining allegations of Paragraph 52 of the Complaint.

**A.**     **Numerosity**

53.     The allegations in Paragraph 53 of the Complaint regarding numerosity call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

**B.**     **Common Questions Predominate**

54.     The allegations in Paragraph 54 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

55.     The allegations in Paragraph 55 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

**C.**     **Typicality**

56.     Waffle House denies the allegations in Paragraph 56 of the Complaint.

**D.**     **Adequacy**

57.     The allegations of Paragraph 57 of the Complaint regarding adequacy call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

**E.**     **Superiority of Class Action**

58.     The allegations of Paragraph 58 of the Complaint regarding superiority call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

59.     The allegations of Paragraph 59 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

60.     Plaintiff's allegations in Paragraph 60 of the Complaint are not allegations of fact but, rather, allegations of Plaintiff's awareness.  Therefore, no response is required.  To the extent a response is require, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## FIRST CAUSE OF ACTION

61.     Plaintiff's allegations in Paragraph 61 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

62.     The allegations of Paragraph 62 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

63.     The allegations of Paragraph 63 of the Complaint regarding to "consumers" call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

64.     The allegations of Paragraph 64 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

65.     The allegations of Paragraph 65 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

66.     Waffle House denies the allegations of Paragraph 66 of the Complaint.

67.     Waffle House denies the allegations of Paragraph 67 of the Complaint.

68.     Waffle House denies the allegations of Paragraph 68 of the Complaint.

69.     Waffle House denies the allegations of Paragraph 69 of the Complaint.

70.     Waffle House denies the allegations of Paragraph 70 of the Complaint.

71.     Waffle House denies the allegations of Paragraph 71 of the Complaint.

72.     Plaintiff's allegations in Paragraph 72 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

73.     Waffle House denies any violation of the FCRA whatsoever.   Further Plaintiff's remaining allegations in Paragraph 73 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.   Therefore, no response is required.   To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case

**SECOND CAUSE OF ACTION**

74.     Plaintiff's allegations in Paragraph 74 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

75.     The allegations of Paragraph 75 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

76.     The allegations of Paragraph 76 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

77.     Waffle House denies the allegations of Paragraph 77 of the Complaint.

78.     Waffle House denies the allegations of Paragraph 78 of the Complaint.

79.     Waffle House denies the allegations of Paragraph 79 of the Complaint.

80.     Waffle House denies the allegations of Paragraph 80 of the Complaint.

81.     Waffle House denies the allegations of Paragraph 81 of the Complaint.

82.     Plaintiff's allegations in Paragraph 82 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

83.     Waffle House denies any violation of the FCRA whatsoever.  Further Plaintiff's remaining allegations in Paragraph 83 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case

## THIRD CAUSE OF ACTION

84.      Plaintiff's allegations in Paragraph 84 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

85.      The allegations of Paragraph 85 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

86.      Waffle House denies the allegations of Paragraph 86 of the Complaint.

87.      Waffle House denies the allegations of Paragraph 87 of the Complaint.

88.      Waffle House denies the allegations of Paragraph 88 of the Complaint.

89.      Waffle House denies the allegations of Paragraph 89 of the Complaint.

90.      Waffle House denies the allegations of Paragraph 90 of the Complaint.

91.      Plaintiff's allegations in Paragraph 91 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff's seeks in damages.  Therefore, no response is required.  To the extent a response is require, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

92.      Waffle House denies any violation of the FCRA whatsoever.   Further Plaintiff's remaining allegations in Paragraph 92 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.   Therefore, no response is required.   To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case

## **FOURTH CAUSE OF ACTION**

Plaintiff's allegations in the first Paragraph under the Fourth Cause of Action of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs. In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

93.     The allegations of Paragraph 93 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

94.     Plaintiff's allegations of Paragraph 94 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

95.     Plaintiff's allegations of Paragraph 95 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

96.     Plaintiff's allegations of Paragraph 96 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

97.     Plaintiff's allegations of Paragraph 97 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

98.     Plaintiff's allegations of Paragraph 98 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

99.     Plaintiff's allegations of Paragraph 99 of the Complaint regarding "consumer reports" and "permissible purposes" call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.  Further, Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99 of the Complaint and, therefore, denies the same.

100.     Plaintiff's allegations of Paragraph 100 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied

101.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint and, therefore, denies the same.

102.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint and, therefore, denies the same.

103.     Plaintiff's allegations in Paragraph 103 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

104.     Plaintiff's allegations of Paragraph 104 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.  Plaintiff's remaining allegations in Paragraph 104 of the Complaint are

not allegations of fact but, rather, allegations of what Plaintiff seeks in damages. Therefore, no response is required. To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## FIFTH CAUSE OF ACTION

105.    Plaintiff's allegations in Paragraph 105 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs. In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

106.    Plaintiff's allegations of Paragraph 106 of the Complaint call for legal conclusions to which no response is required. To the extent the allegations are contrary to law they are denied.

107.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 107 of the Complaint and, therefore, denies the same.

108.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint and, therefore, denies the same.

109.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Complaint and, therefore, denies the same.

110.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint and, therefore, denies the same.

111.    Plaintiff's allegations in Paragraph 111 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages. Therefore, no response is

required.   To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

112.    Plaintiff's allegations of Paragraph 112 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied. Plaintiff's remaining allegations in Paragraph 112 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## SIXTH CAUSE OF ACTION

113.    Plaintiff's allegations in Paragraph 113 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.   In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

114.    Plaintiff's allegations of Paragraph 114 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

115.    Plaintiff's allegations of Paragraph 115 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

116.    Plaintiff's allegations of Paragraph 116 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

117.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 of the Complaint and, therefore, denies the same.

118.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Complaint and, therefore, denies the same.

119.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 of the Complaint and, therefore, denies the same.

120.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Complaint and, therefore, denies the same.

121.    Plaintiff's allegations in Paragraph 121 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

122.    Plaintiff's allegations of Paragraph 122 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied. Plaintiff's remaining allegations in Paragraph 122 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## SEVENTH CAUSE OF ACTION

123.    Plaintiff's allegations in Paragraph 123 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

124.     Plaintiff's allegations of Paragraph 124 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

125.     Plaintiff's allegations of Paragraph 125 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

126.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint and, therefore, denies the same.

127.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint and, therefore, denies the same.

128.     Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint and, therefore, denies the same.

129.     Plaintiff's allegations in Paragraph 129 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

130.     Plaintiff's allegations of Paragraph 130 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied. Plaintiff's remaining allegations in Paragraph 130 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## **EIGHTH CAUSE OF ACTION**

131.    Plaintiff's allegations in Paragraph 131 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations.

132.    Plaintiff's allegations of Paragraph 132 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

133.    Plaintiff's allegations of Paragraph 133 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

134.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint and, therefore, denies the same.

135.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint and, therefore, denies the same.

136.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint and, therefore, denies the same.

137.    Plaintiff's allegations in Paragraph 137 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

138.    Plaintiff's allegations of Paragraph 138 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to

law they are denied. Plaintiff's remaining allegations in Paragraph 138 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

## NINTH CAUSE OF ACTION

139.    Plaintiff's allegations in Paragraph 139 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs.  In response, Waffle House reincorporates its responses to Plaintiff's previous allegations

140.    Plaintiff's allegations of Paragraph 140 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied.

141.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint and, therefore, denies the same.

142.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 of the Complaint and, therefore, denies the same.

143.    Waffle House lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 of the Complaint and, therefore, denies the same.

144.    Plaintiff's allegations in Paragraph 144 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

145.    Plaintiff's allegations of Paragraph 145 of the Complaint call for legal conclusions to which no response is required.  To the extent the allegations are contrary to law they are denied. Plaintiff's remaining allegations in Paragraph 145 of the Complaint are not allegations of fact but, rather, allegations of what Plaintiff seeks in damages.  Therefore, no response is required.  To the extent a response is required, Waffle House denies that it is liable to Plaintiff in any way and denies that a class can be certified in the present case.

146.    Waffle House denies each and every paragraph in the WHEREFORE paragraph immediately following Paragraph 146 of the Complaint.  Specifically, Waffle House denies that this case can be certified as a class action, denies that Plaintiff should be appointed as counsel for the purported class, denies that Waffle House's practices violate the FCRA, and denies that Plaintiff is entitled to any damages, fees, expenses, costs, interest or other relief.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Waffle House did not willfully violate the FCRA or any other legal requirement.

3.    Waffle House did not negligently violate the FCRA or any other legal requirement.

4.    Waffle House did not procure a consumer report on Plaintiff and, therefore, the FCRA is inapplicable

5.    Plaintiff is precluded from litigating this case in this Court and as a purported class action because he is required to arbitrate his claims.

6.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent Plaintiff, or any member of the purported class, has not suffered any actual damages or to the extent any such actual damages are speculative or uncertain.

7.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by his own acts, omissions, or negligence, or other acts or omissions of third parties other than Waffle House.

8.      Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent they have failed to mitigate their damages.

9.      This case cannot be asserted on behalf of a purported class because the allegations and facts do not satisfy the requirements of Fed. R. Civ. P. 23.

10.     Plaintiff's claims, and the claims made on behalf of the purported class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United States of America.

11.     Plaintiff's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

12.     The Court lacks subject matter jurisdiction over Plaintiff's claims, and the claims made on behalf of the purported class members, because Plaintiff and the purported class members have failed to allege an injury-in-fact sufficient to confer constitutional standing on those individuals.

13.     Waffle House reserves the right to add any additional defenses of which it may learn through discovery.

**WHEREFORE,** Waffle House, Inc. and WH Capital, LLC by counsel, respectfully request:

(1)     That the Court enter judgment in their favor and against Plaintiff on the claims in the Complaint and deny all relief sought by Plaintiff;

(2)     That the Court decline to certify Plaintiff's claims as a class action; and

(3)     That the Court award Waffle House, Inc. and WH Capital, LLC such other and further relief as this Court deems just and proper.

DATED this 26th day of August, 2016.

Respectfully submitted

**WAFFLE HOUSE, INC. and
WH CAPITAL, LLC.**

/s/ David M. Gettings
Richard W. Smith (FL Bar No. 0013943)
Fisher Rushmer, P. A.
390 North Orange Avenue, Suite 2200
Post Office Box 3753
Orlando, Florida 32802-3753
Telephone: (407) 843-2111
Facsimile: (407) 422-1080
E-mail: rsmith@fisherlawfirm.com

John C. Lynch (admitted *pro hac vice*)
David M. Gettings (admitted *pro hac vice*)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765

Facsimile: (757) 687-1545
john.lynch@troutmansanders.com
david.gettings@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2016, I filed the foregoing with the Court's CM/ECF system, which will deliver notice of the filing to the following counsel of record:

**Counsel for Plaintiff William Jones**

Joshua H. Eggnatz
Michael J. Pascucci
The Eggnatz Law Firm, PA
5400 S University Drive, Suite 413
1920 N Commerce Parkway
Davie, FL 33328-5313
Email: JEggnatz@ELPLawyers.com
Email: mpascucci@elplawyers.com

Alexandria R. Kachadoorian (admitted *pro hac vice*)
Anthony J. Orshansky (admitted *pro hac vice*)
Justin Kachadoorian (admitted *pro hac vice*)
CounselOne, PC
9301 Wilshire Blvd., Suite 650
Beverly Hills, CA 90210
Email: alexandria@counselonegroup.com
Email: anthony@counselonegroup.com
Email: justin@counselonegroup.com

**Counsel for Defendants The Source for Public Data, L.P., Shadowsoft, Inc., Harlington-Straker-Studio, Inc. and Dale Bruce Stringfellow**

Thomas H. Loffredo
GrayRobinson, PA
401 E Las Olas Blvd Ste 1000
Ft Lauderdale, FL 33301
Email: tom.loffredo@gray-robinson.com

Ronald I. Raether , Jr.
Troutman Sanders, LLP
5 Park Plaza Ste 1400

Irvine, CA 92614-2545
949-622-2722
Fax: 949-622-2739
Email: Ronald.Raether@troutmansanders.com

Timothy St. George
Troutman Sanders, LLP
1001 Haxall Point
Richmond, VA 23219
804-697-1254
Fax: 804-698-6013
Email: tim.stgeorge@troutmansanders.com

/s/ David M. Gettings
David M. Gettings  (*pro hac vice*)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7747
Facsimile: (757) 687-1545
E-mail: david.gettings@troutmansanders.com