**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM JONES,

        Plaintiff,

v.                                  Case No. 6:15-cv-1637-Orl-37DAB

WAFFLE HOUSE, INC.; WH CAPITAL,
LLC; THE SOURCE FOR PUBLIC
DATA, L.P.; SHADOW SOFT, INC.;
HARLINGTON-STRAKER-STUDIO,
INC.; and DALE BRUCE
STRINGFELLOW,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.    Waffle House, Inc. and WH Capital, LLC's Motion for Leave to Supplement the Record (Doc. 125), filed August 19, 2016;

2.    Plaintiff's Opposition to the Motion of Waffle House, Inc. and WH Capital, LLC to Supplement the Record (Doc. 132), filed August 29, 2016;

3.    Waffle House, Inc. and WH Capital, LLC's Motion to Stay Proceedings Pending Appeal of Court's Order Denying Motion to Compel Arbitration (Doc. 127), filed August 19, 2016; and

4.    Plaintiff's Opposition to the Motion of Waffle House, Inc. and WH Capital, LLC to Stay Proceedings Pending Appeal of Court's Order Denying Motion to Compel Arbitration (Doc. 133), filed August 29, 2016.

Upon consideration, the Court finds that: (1) the Motion to Stay is due to be granted; and (2) the Motion to Supplement is due to be denied.

**BACKGROUND**

The instant putative class action concerns Plaintiff's allegations that Defendants' practices in procuring background checks on job applicants violate the Fair Credit Reporting Act ("**FCRA**"). (*See* Doc. 1.) Specifically, Plaintiff alleges that upon applying for employment at a Waffle House location, Defendants Waffle House, Inc. and WH Capital, LLC (collectively, "**Waffle House**") used The Source for Public Data ("**Public Data**")[1] to run a background report on him and then declined to hire him based on the contents of such report, circumventing the FCRA's mandatory procedures in the process. (*See id.*)

Curiously, several months after initiating the instant action, Plaintiff again applied for employment at another Waffle House location and was hired. (Doc. 81-1, pp. 2–4.) As a condition of his employment, Plaintiff signed an arbitration agreement ("**Arbitration Agreement**"), which was countersigned by Waffle House's general counsel. (Doc. 81-2, p. 14; *see also* Doc. 83, p. 14.) Upon discovering the Arbitration Agreement, Waffle House moved to compel arbitration. (Doc. 81 ("**Motion to Compel**").) On July 21, 2016, the Court held a hearing on the Motion to Compel ("**Hearing**"). (*See* Doc. 121.) Ultimately, based on the impropriety of the *ex parte* communication that precipitated the execution of the Arbitration Agreement, the Court denied the Motion to Compel in the exercise of its managerial authority to govern the conduct of counsel in collective actions. (Doc. 122 ("**Denial Order**").) Waffle House subsequently appealed. (*See* Doc. 126.)

Waffle House now moves to stay these proceedings pending the resolution of its appeal. (Doc. 127 ("**Motion to Stay**").) Additionally, Waffle House requests leave to

---

[1] In light of their intra-corporate relationship, the Court refers to Defendants The Source for Public Data, Shadowsoft, Inc., Harlington-Straker-Studio, Inc., and Dale Bruce Stringfellow collectively as Public Data.

supplement the record in support of the Motion to Compel. (Doc. 125 ("**Motion to Supplement**").) Plaintiff opposes both motions. (Docs. 132, 133.)

**STANDARDS**

### I.      Motion to Stay

Under 9 U.S.C. § 16, parties are authorized to take an interlocutory appeal of an order denying a motion to compel arbitration. "By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004). Thus, "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Id.* at 1253.

### II.     Motion to Supplement

The U.S. Court of Appeals for the Eleventh Circuit reviews motions to supplement the record on a case-by-case basis. *Young v. DeVaney ex rel. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 2010). In making this determination, the Eleventh Circuit considers, *inter alia*, "whether the additional material would be dispositive of pending issues in the case and whether interests of justice and judicial economy would thereby be served." *Id.* The Eleventh Circuit also permits supplementation of the record to aid the court in making an informed decision. *Id.*

**DISCUSSION**

I. **Motion to Stay**

In its Motion to Stay, Waffle House represents that there is a reasonable basis under the law to support its appeal, thereby rendering such appeal non-frivolous. (Doc. 127, p. 2.) The Court agrees. In particular, Waffle House maintains that "[t]here is no evidence of any misconduct in this case," and that the circumstances surrounding the execution of the Arbitration Agreement reveal nothing other than "a knowing and voluntary assent on Plaintiff's part to Waffle House's standard [A]ribtration [A]greement through a transaction initiated by Plaintiff." (*Id.* at 5.) Though the Court disagrees with this position, Waffle House is entitled to litigate it on appeal.

Plaintiff's response to the contrary is not well taken. *Inter alia*, Plaintiff argues that: (1) there is no reason to stay the action as to Public Data, who was not a party to the Arbitration Agreement; (2) the appeal is meritless; and (3) Waffle House has appealed the Denial Order for ulterior purposes—namely, as a "stratagem to prevent this Court from promptly ruling on Plaintiff's motion for class certification." (Doc. 133.)

As an initial matter, the Court has already concluded that the appeal is non-frivolous. In his counterargument, Plaintiff merely expounds on the position he advanced in response to the Motion to Compel. However, the Court will not deem the appeal meritless simply because Plaintiff believes his position is more meritorious.

Second, regardless of any ulterior purpose that Plaintiff attributes to Waffle House, the Court concludes that a stay of the entire litigation promotes judicial economy. As recognized by courts within this Circuit, "considerations of resources and time further warrant depriving a district court of its authority to proceed in a case during an appeal

when the appeal concerns a party's right not to litigate the dispute at all." *Lawson v. Life of S. Ins. Co.*, 738 F. Supp. 2d 1376, 1381 (M.D. Ga. 2010). Moreover, the classes that Plaintiff seeks to certify in this action are framed in terms of the contested practices of both Waffle House *and* Public Data. (*See* Doc. 108, pp. 1–2.) Given the connected nature of the challenged conduct, the Court declines to proceed with this action in piecemeal fashion. Indeed, in the event that the Eleventh Circuit affirms the Court's Denial Order, this action—if not stayed—would likely have proceeded to a stage where it would then be impractical to reinsert Waffle House into the litigation. Therefore, the Court finds that the Motion to Stay is due to be granted.

## II.   Motion to Supplement

Turning to the Motion to Supplement, Waffle House points to a number of facts proffered at the Hearing concerning the execution of the Arbitration Agreement. (Doc. 125, p. 1.) Waffle House seeks to supplement the record with the documents and testimony underlying these proffered facts. (*Id.* at 2.) Waffle House represents that it flew two witnesses to the Hearing to testify on its behalf, but the Court purportedly did not enter testimony or supporting documents into evidence because the Hearing was not evidentiary in nature. (*Id.* at 1–2.) However, at no point during the Hearing did Waffle House inform the Court that it wished to introduce witness testimony or documentary evidence into the record.

In any event, the Court agrees with Plaintiff that "the evidence Waffle House hopes to proffer will make no difference on appeal" because the Denial Order presumed and recounted the existence of such facts. (Doc. 132, pp. 1–2.)  Such supplemental material would certainly not be dispositive of any pending issue in this action, nor would it aid the

Eleventh Circuit in making an informed decision. *See Young*, 59 F.3d at 1168. Thus, the Court declines to supplement the record with documents and testimony that it did not consider in reaching its Denial Order. *See id.* (stating that a reviewing court generally will not consult evidence that was not first considered in the district court).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.  Waffle House, Inc. and WH Capital, LLC's Motion to Stay Proceedings Pending Appeal of Court's Order Denying Motion to Compel Arbitration (Doc. 127) is **GRANTED**.

2.  Waffle House, Inc. and WH Capital, LLC's Motion for Leave to Supplement the Record (Doc. 125) is **DENIED**.

3.  This case is **STAYED** pending resolution of Waffle House, Inc. and WH Capital, LLC's interlocutory appeal of the Court's Order denying their motion to compel arbitration. All outstanding deadlines are hereby suspended.

4.  The Clerk is **DIRECTED** to terminate all pending motions and administratively close the case. The Court will take such motions under advisement upon the reopening of the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 31, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record